1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

| LEHMAN BROTHERS HOLDINGS, INC., | CASE NO. C10-0172JLR |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| EVERGREEN MONEYSOURCE MORTGAGE COMPANY, | |
| Defendant. | |

16          **I.       INTRODUCTION**

17          Before the court are Defendant Evergreen Moneysource Mortgage Company's

18  ("Evergreen") motion for summary judgment (Dkt. # 27), and Plaintiff Lehman Brothers

19  Holdings, Inc.'s ("LBHI") motion for summary judgment (Dkt. # 28).  Having reviewed

20  the motions, the parties' submissions in support and opposition thereto, the balance of the

21  record, and the governing law, and having heard oral argument on June 2, 2011, the court

22  GRANTS Evergreen's motion for summary judgment on the basis of expiration of the

1  statutory limitations period (Dkt. # 27), and DENIES LBHI's motion for summary

2  judgment as MOOT (Dkt. # 28).

3  **II.    BACKGROUND**

4       LBHI filed this action against Evergreen on January 28, 2010.  (Compl. (Dkt. #

5  1).)  LBHI alleges claims for breach of contract and breach of express warranty arising

6  out of a Loan Purchase Agreement ("LPA") entered into between Evergreen and Aurora

7  Loan Services, Inc. ("ALS") on June 16, 2000.  (*See* Compl.; Baker Decl. (Dkt. # 29)

8  Exs. 1-A & 1-C.)  The LPA incorporates the terms and conditions of ALS's Seller's

9  Guide.  (*See* Compl.; Baker Decl. Exs. 1-A & 1-C.)  Any loans purchased under the LPA

10 were to be made "pursuant to the terms and conditions of the Seller [sic] Guide."  (Baker

11 Decl. Ex. 1-A.)

12      ALS is the wholly owned subsidiary of Lehman Brothers Bank, FSB n/k/a Aurora

13 Bank, FSB ("LBB"), and LBHI is a parent corporation of both LBB and ALS.  (Baker

14 Decl. ¶ 4.)  ALS is the authorized agent, servicer, and/or master servicer for LBB and

15 LBHI for certain mortgage loans in which LBB and LBHI have an interest, including the

16 mortgage loan that is the subject of this litigation.  (*Id.*)  LBHI contends that, through

17 assignment, it is the successor-in-interest of LBB and ALS with respect to rights under

18 the LPA with Evergreen.  (Compl. at 3.)  For ease of reference, both LBB and ALS will

19 be referred to simply as "LBB" throughout the remainder of this order.

20      Evergreen is a mortgage banker.  (Moley Decl. (Dkt. # 27-4) ¶ 2.)  On November

21 16, 2001, Evergreen began selling various loans to LBB pursuant to the LPA.  (Baker

22 Decl. ¶¶ 2, 5.)  Under sections 703(1), 703(12) and 703(36) of the Seller's Guide,

1   Evergreen made certain representations, warranties and covenants regarding the accuracy

2   and truthfulness of the information contained in "any Mortgage Loan File," including

3   "the Mortgager's application for the Mortgage Loan," and "the property appraisal or

4   valuation." (*Id.* Ex. 1-C §§ 703(1), 703(12), 703(36).)

5          LBHI asserts that Evergreen breached the representations, warranties, and

6   covenants within the Seller's Guide pertaining to a mortgage loan that Evergreen entered

7   into with Mr. Wayne Stiffler ("the Stiffler loan") and subsequently sold to LBB.  (*See*

8   *generally* Compl.)  LBHI asserts that certain documents that Evergreen submitted with

9   the Stiffler loan contain untrue statements and misrepresentations.  (LBHI Mot. (Dkt. #

10  28) at 7.)   First, LBHI asserts Mr. Stiffler misrepresented his base employment income at

11  the time he executed his application for a mortgage loan.  (*Id.* at 8-11.)  Second, LBHI

12  asserts that the origination appraisal overstates the value of Mr. Stiffler's property.  (*Id.* at

13  11-13.)  LBHI asserts that pursuant to the Seller's Guide, Evergreen agreed to

14  "indemnify" LBHI for losses pertaining to mortgage loans containing misrepresentations

15  in the loan files.  (*Id.* at 13-15.)  LBHI has moved for summary judgment with regard to

16  these claims.  (*Id.* at 13-24.)

17         Evergreen has also moved for summary judgment relying primarily on a variety of

18  affirmative defenses.  (*See generally* Evergreen Mot. (Dkt. # 27).)  One of the affirmative

19  defenses raised by Evergreen in its motion for summary judgment is expiration of the

20  statute of limitations for contract actions.  (*Id.* at 22.)  Mr. Stiffler executed his

21  application for a mortgage loan with Evergreen on April 24, 2003.  (Baker Decl. Ex. 1-

22  K.)  The origination appraisal with regard to Mr. Stiffler's property is dated March 14,

ORDER- 3

1   2003.  (*Id.* Ex. 1-L.)  LBB purchased the Stiffler loan from Evergreen on May 12, 2003.

2   (Moley Decl. (Dkt. # 27-4) Ex. 5; Baker Decl. ¶ 7.)   The Stiffler application and the

3   origination appraisal were documents furnished to LBB at the time that the Stiffler loan

4   was sold to LBB.  (LBHI Mot. at 8.)  On June 3, 2003, LBB sold and assigned the Stiffler

5   loan to LBHI.  (Baker Decl. ¶¶ 5-6 & Exs. 1-D & 1-G.)

6        On September 18, 2008, LBHI filed for voluntary bankruptcy under Chapter 11 of

7   of the United States Bankruptcy Code.  *See In re Lehman Brothers Holdings, Inc., et al.,*

8   No. 08-1355(JMP) (Bankr. S.D.N.Y.).  LBHI filed this action against Evergreen on

9   January 28, 2010 in an effort to preserve the value of its assets for the benefit of its

10  creditors in the bankruptcy proceedings.  (LBHI Resp. (Dkt. # 35) at 21.)  However, LBB

11  did not execute a written agreement to assign its rights under the LPA and the Seller's

12  Guide to LBHI until February 24, 2011 (Baker Decl. Ex. 1-H), more than one year after

13  LBHI filed suit on January 28, 2010, and more than two years after LBHI filed for

14  bankruptcy on September 18, 2008.

15                          **III.    ANALYSIS**

16  **A.  Standards**

17        Summary judgment is appropriate if the pleadings, the discovery and disclosure

18  materials on file, and any affidavits, when viewed in the light most favorable to the non-

19  moving party, "show that there is no genuine dispute as to any material fact and the

20  movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex*

21  *Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d

22  652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing there is

1   no genuine issue of material fact and that he or she is entitled to prevail as a matter of

2   law.  *Celotex*, 477 U.S. at 323.  If the moving party meets his or her burden, the

3   nonmoving party must go beyond the pleadings and identify facts which show a genuine

4   issue for trial.  *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229

5   (9th Cir. 2000).  The non-moving party "must make a showing sufficient to establish a

6   genuine dispute of material fact regarding the existence of the essential elements of his

7   case that he must prove at trial."  *Galen*, 477 F.3d at 658.

8       **B.  Statute of Limitations**

9       Both parties agree that New York substantive law governs this contract action.

10  (*See* LBHI Mot. at 15-16; Evergreen Mot. at 3; *see also* Baker Decl. Ex. 1-C § 713 ("The

11  [LPA] shall be construed in accordance with the substantive law of the State of New

12  York. . . .").)  In New York, the statute of limitations with regard to a contract action is

13  six years.  CPLR § 213(2) (McKinney).  The statute of limitations for contract actions

14  begins to run from the date of the first alleged breach, even in the event that damages do

15  not accrue until a later date.  *Nat'l Urban Ventures, Inc. v. City of Niagara Falls,* 910

16  N.Y.S.2d 615, 616 (App. Div. 2010) (citing *Ely-Cruikshank Co., Inc. v. Bank of*

17  *Montreal,* 81 N.Y.S.2d 399, 402 (App. Div. 1993)).

18      As noted above, LBB purchased the Stiffler loan from Evergreen on May 12,

19  2003.  (Moley Decl. Ex. 5; Baker Decl. ¶ 7 & Ex. 1-J.)  According to LBHI, at the time

20  that LBB purchased the loan, the Mortgage Loan File "contained untrue statements and

21  misrepresentations" (LBHI Mot. at 7), including misrepresentations concerning Mr.

22  Stiffler's income (*id.* at 8-11), and misrepresentations concerning the value of the

1    property (*id.* at 11-13).  Evergreen asserts, therefore, that the statute of limitations with

2    regard to LBHI's breach of contract claims began to run on May 12, 2003, the date that

3    LBB acquired the loan.  *See, e.g. Hernandez v. Bank of Nova Scotia,* 908 N.Y.S.2d 45, 46

4    (App. Div. 2010) (holding that limitations period for breach of contractual undertakings

5    against a bank began to run when the bank allegedly provided false information to an

6    accounting firm in breach of those undertakings).[1]  If the accrual date is May 12, 2003,

7    then the applicable six-year limitations period expired on May 12, 2009.  Because LBHI

8    did not file suit until January 28, 2010, more than eight months after termination of the

9    limitations period, Evergreen asserts that LBHI's breach of contract claims are barred.

10   (Evergreen Mot. at 22.)

11          LBHI responds to Evergreen's statute of limitations argument in a number of

12   ways.  First, LBHI asserts that the statute of limitations accrual date is actually November

13   7, 2009, rather than May 12, 2003.  On October 8, 2009, a representative of LBHI sent a

14   letter to Evergreen demanding payment for the $135,662.66 loss LBHI suffered on the

15   liquidated Stiffler loan.  (Moley Decl. Ex. 12.)  LBHI asserts that Evergreen breached

16   sections 710 and 711 of the Seller's Guide by failing to "indemnify" LBHI for this loss

17   within thirty (30) days of LBHI's demand.  (LBHI Resp. (Dkt. # 35) at 22 n.7.)  As a

18   result, according to LBHI, its breach of contract claims against Evergreen actually

19

20   _____

21          [1] The fact that LBHI may not have discovered Evergreen's alleged misrepresentations
     until a later date does not alter the initiation of the limitations period.  *Hernandez,* 908 N.Y.S.2d
22   at 46.

1   accrued on November 7, 2009 (30 days following LBHI's October 8, 2009 demand),

2   rather than on May 12, 2003.  (*Id.*)

3        LBHI's argument concerning the statute of limitations accrual date is flawed.

4   First, Evergreen's duty under sections 710 and 711 to either repurchase mortgage loans or

5   "indemnify"[2] for losses incurred as a result of a mortgage loan is only triggered by "a

6   breach of any of the representations, warranties, or covenants contained in Section 700

7   through 710 herein. . . ."  (Baker Decl. Ex. 1-C at § 710.)  As noted above, Evergreen is

8   alleged to have provided the subject misrepresentations to LBB on May 12, 2003.  Under

9   New York law, the statute of limitations begins to run from the date of the first alleged

10  breach of a contract.  *See Nat'l Urban Ventures,* 910 N.Y.S.2d at 616.  Thus, even

11  assuming that Evergreen's failure to pay LBHI $135,662.66 by November 7, 2009

12  constituted a breach of the LPA and Seller's Guide, it would not have commenced the

13  running of the statute of limitations.  LBHI may not extend the accrual date of the statute

14  of limitations simply by delaying its demand for payment.  *Hahn Automotive Warehouse,*

15  _____

16  [2] The fact that LBHI refers to Evergreen's alleged obligation as one of "indemnity" does
    not alter the commencement date of the limitations period.  Under New York law, a claim for

17  contractual indemnity ordinarily accrues either when judgment is entered or liability is imposed
    upon the party seeking indemnification, *see, e.g., Roldan v. Allstate Ins. Co.,* 544 N.Y.S.2d 359,
    363 (App. Div. 1989), or when the party seeking indemnification has satisfied a judgment, *see,*

18  *e.g., McCabe v. Queensboro Farm Prods., Inc.,* 292 N.Y.S.2d 400, 402-03 (1968).  However,
    despite LBHI's characterization of its claim as one for "indemnity," and despite the imprecise

19  use of this term in the Seller's Guide, LBHI has not alleged it suffered any liability to a third-
    party.  Rather, LBHI's allegations comprise a straightforward claim for damages pertaining to its

20  predecessor's purchase of the Stiffler loan.  (*See* Compl.)  New York courts have rejected similar
    attempts by plaintiffs to improperly circumvent statutes of limitations by simply recasting their

21  claims as ones for indemnity.  *See, e.g., Germantown Central School Dist. v. Clark, Clark, Millis
    & Gibson,* 743 N.Y.S.2d 599, 605 (App. Div. 2002) (citing *Town of Brookhaven v. MIC*

22  *Property and Cas. Ins. Corp.,* 668 N.Y.S.2d 37, 37 (App. Div. 1997)).

1    *Inc. v. Am. Zurich Ins. Co.,* 916 N.Y.S.2d 678, 680 (App. Div. 2011) (finding contention

2    that contract claims did not accrue until demand for payment without merit).  To find

3    otherwise would allow LBHI to essentially circumvent the statute of limitations by

4    indefinitely deferring its demand for payment.  A cause of action for breach of contract

5    accrues when the party making the claim possesses a legal right to demand payment.  *Id.*

6    "Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to

7    a contract, the cause of action accrues when the [party making the claim] possesses a

8    legal right to demand payment."  *Id. (quoting Minskoff Grant Realty & Mgmt. Corp.*, 879

9    N.Y.S.2d 485, 487 (App. Div. 2010)).  The date upon which LBHI (or its predecessor

10   LBB) could have initially demanded payment for Evergreen's alleged misrepresentations

11   was May 12, 2003 – the same day that LBB purchased the Stiffler loan from Evergreen.

12        LBHI also counters that its claims are saved from Evergreen's statute of

13   limitations defense pursuant to provisions contained within Title 11 of the United States

14   Code ("the Bankruptcy Code").  On September 15, 2008, LBHI commenced voluntary

15   bankruptcy under Chapter 11 of the Bankruptcy Code.[3]  Section 108(a) of the Bankruptcy

16   Code states:

17

18   _____

19        [3] The court is permitted to take judicial notice of documents filed in a bankruptcy case.
     *In re Soporex, Inc.,* 446 B.R. 750, 765 n.12 (Bankr. N.D. Tex. 2011).  The court, therefore, takes
20   judicial notice of LBHI's Chapter 11 bankruptcy filing. *See In re Lehman Brothers Holdings,
     Inc., et al.,* No. 08-13555 (JMP) (Bankr. S.D.N.Y.).  Pursuant to sections 1107(a) and 1108 of
21   the Bankruptcy Code, LBHI is authorized to operate its business and manage its properties as a
     debtor in possession for the benefit of its creditors, and it is on this basis that LBHI is
22   prosecuting the present action. *See* 11 U.S.C. §§ 1107(a) & 1108.

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of -- (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.

11 U.S.C. § 108(a).  The commencement of a voluntary Chapter 11 case constitutes an "order of relief" under section 108(a)(2).  11 U.S.C. § 301(b).  Thus, pursuant to section 108(a)(2), LBHI asserts that it had two years from the date it filed for voluntary bankruptcy to commence this lawsuit because the six year limitations period had not yet expired when LBHI filed its bankruptcy petition.   According to LBHI, therefore, the limitations period, adjusted by section 108(2)(a), would not expire until September 15, 2010, more than eight months following the date that LBHI filed suit.  (LBHI Mot. at 21-22.)

LBHI's arguments with regard to application of the Bankruptcy Code, however, are also flawed.  The only written assignment agreement before the court between LBHI and LBB with regard to rights under the LPA and Seller's Guide is dated February 24, 2011 – more than a year after LBHI commenced suit in this action on January 28, 2010. (*Compare* Baker Decl. Ex. 1-H *with* Compl.)  Thus, by the time LBHI had acquired rights on February 24, 2011 to bring an action under the LPA and Seller's Guide against Evergreen, the statute of limitations on LBB's claim against Evergreen had already expired – irrespective of whether the statute of limitations expired on May 12, 2009, or on September 15, 2010 as adjusted by section 108(2)(a) of the Bankruptcy Code.

1    LBHI nevertheless asserts that the February 24, 2011 assignment is valid because

2    it was executed prior to trial.  (*See* LBHI Reply (Dkt. # 38) at 11-12.)  Some courts have

3    found that such assignments, executed after suit has been filed but before trial, are valid

4    so long as the defendant suffers no prejudice.  *See, e.g., Debuque Stone Prods. Co. v.*

5    *Fred L. Gray Co.,* 356 F.2d 718, 723-24 (8th Cir. 1966) ("We cannot accept [the

6    defendant's] argument that the assignment was invalid because it was made after this suit

7    had been filed. . . [, where] [t]he assignment occurred after filing, but before trial, and

8    [the defendant] suffered no prejudice therefrom . . . ."); *Decorative Ctr. of Houston, L.P.*

9    *v. Direct Response Pubs., Inc.,* 264 F. Supp. 2d 535, 543-44 (S.D. Tex. 2003) (finding

10   that plaintiff had standing to bring suit even though assignment providing basis for suit

11   was made one year after the initiation of litigation, after the close of discovery, and after

12   defendant moved for summary judgment, where there was no prejudice to defendant

13   based on the timing of the assignment); *Malikyar v. Sramek,* No. C07-03533, 2008 WL

14   4891020 at *4 (N.D. Cal. Nov. 12, 2008) ("An assignment made after the suit has been

15   filed is not invalid if the assignment was made before trial, and the defendant is not

16   prejudiced. . . [and] . . . does not . . . lose the right to assert any defenses against the

17   assignee which it could have asserted against the assignor.").

18       In this case, however, Evergreen would suffer prejudice if the court were to

19   recognize the post-filing assignment.  LBHI filed suit on January 28, 2010, and thus did

20   not assert a claim based on the LPA and the Seller's Guide prior to the expiration of the

21   May 12, 2009 statute of limitations on the original claim.  Thus, the timeliness of LBHI's

22   claim depends on the two-year extension to the statute of limitations provided by the

ORDER- 10

1    Bankruptcy Code in section 108(a)(2), 11 U.S.C. § 108(a)(2), and the relation back of the

2    February 24, 2011 assignment to the date that the complaint was filed on January 28,

3    2010.  In remarkably similar circumstances, the Ninth Circuit refused to recognize an

4    assignment that was granted after the filing of a complaint, where such recognition would

5    serve to revive a claim previously extinguished by the limitations period.  *See United*

6    *States ex rel. Wulff v. CMA, Inc.,* 890 F.2d 1070, 1075 (9th Cir. 1989) (citing *United*

7    *States ex rel. Texas Portland Cement Co. v. McCord,* 233 U.S. 157 (1914)).  In *Wulff*, the

8    Ninth Circuit held that a complaint that was amended to reflect acquisition of a cause of

9    action by assignment did not relate back under Federal Rule of Civil Procedure 15(a)

10   where the action had been commenced in circumstances in which a "party with no cause

11   of action file[d] a lawsuit to toll the statute of limitations and [eight months] later

12   obtain[ed] a cause of action through assignment."  *Id.*

13          Further, courts have held that the extension of time to file suit provided by section

14   108(a)(2) applies only to claims that the debtor could have brought prior to or on the date

15   of the bankruptcy filing.  *Sender v. Mann,* 423 F. Supp. 2d 1155, 1166 (D. Colo. 2006)

16   (citing *In re Drywall Supply, Inc.,* 111 B.R. 933, 935 n.2 (D. Colo. 1990)); *In re Read,*

17   442 B.R. 839, 844 (Bankr. M.D. Fla. 2011) ("Section 108(a) is only available to extend

18   the period for prepetition claims").  Section 108(a)(2) does not afford relief with regard to

19   claims for which the limitations period has expired prior to filing of the debtor's

20   bankruptcy petition.  *See In re Soporex, Inc.,* 446 B.R. 750, 772 (Bankr. N.D. Tex. 2011).

21   At the time that LBHI filed bankruptcy on September 15, 2008, LBHI had no right to sue

22   Evergreen based on the LPA or the Seller's Guide because the assignment of LBB's

1    rights under those documents did not occur under February 24, 2011.  Because LBB's

2    claims were assigned to LBHI after the date of LBHI's bankruptcy petition, the extended

3    statute of limitations does not apply to these claims.  *Sender,* 423 F. Supp. 2d at 1166

4    ("Since [plaintiff's] claim on behalf of the . . . trust were assigned to him after the date of

5    the bankruptcy petition, the extended statute of limitations does not apply to these

6    claims.") (citing *In re Ward,* 42 B.R. 946, 950 (Bankr. M.D. Tenn. 1984)).  Accordingly,

7    the court finds that section 108(a) of the Bankruptcy Code does not apply to extend the

8    statute of limitations with regard to LBHI's contract claims against Evergreen.

9         Nevertheless, LBHI asserts that despite the February 24, 2011 date on the

10   assignment agreement between LBHI and LBB, the assignment of LBB's claims to LBHI

11   actually occurred earlier than this date.  (LBHI Reply at 12 n.5.)  The only evidence in

12   the record that LBHI cites to support this notion is a statement in the recitals of the

13   February 24, 2011 assignment.  The portion of the recitals relied upon by LBHI states in

14   full:

15        WHEREAS, in furtherance of Assignor's [LBB] sale of the Mortgage
         Loans to Assignee [LBHI] and of Assignee's investment purposes in
16        acquiring the Mortgage Loans, Assignor and Assignee have previously
         agreed to have Assignor assign, transfer and convey to Assignee rights and
17        remedies Assignor may have with respect to the Mortgage Loans under the
         Agreements between Assignor and those Sellers identified on Exhibit A, to
18        the extent such rights and remedies are assignable under the terms of such
         Agreements, and Assignor and Assignee now wish to document that prior
19        agreement.

20   (*Id.*)  LBHI argues that the statute of limitations is an affirmative defense with respect to

21   which Evergreen bears the burden of proof.  (LBHI Reply at 12 n.5.)  LBHI further

22   argues that because "Evergreen has not offered any summary judgment evidence as to

1    when the previous agreement of the assignment of rights and remedies referenced in the

2    Assignment Agreement occurred," Evergreen "has failed to meet its burden."  (*Id.*)

3            LBHI's argument concerning the recital in the February 24, 2011 assignment

4    agreement also fails.  Evergreen carries the burden of establishing a failure to comply

5    with the statute of limitations.  *Chachas v. City of Ely,* 615 F. Supp. 2d 1193, 1203 (D.

6    Ariz. 2009) (citing *Houghton v. South,* 965 F.2d 1532, 1536 (9th Cir. 1992)).  As the

7    party moving for summary judgment, Evergreen also carries the initial burden of

8    establishing the absence of a genuine issue of fact with regard to the affirmative defense.

9    *Id.*  The only assignment between LBB and LBHI that is actually before the court is the

10   one dated February 24, 2011.  (Baker Decl. Ex. 1-H.)  Indeed, the February 24, 2011

11   assignment is the only assignment that LBHI has offered into evidence.[4]  As

12   demonstrated by Evergreen and discussed above, this assignment, which occurred after

13   LBHI filed for bankruptcy on September 15, 2008 and after LBHI filed suit against

14   Evergreen on January 28, 2010, is ineffective to save LBHI's contract claims from

15   Evergreen's defense of expiration of the statute of limitations.  Thus, Evergreen has

16   carried its initial burden with regard to its motion for summary judgment on the statute of

17   limitations.

18   _____

19       [4] In his declaration on LBHI's behalf, John Baker states that "LBB and LBHI entered into
     an Assignment Agreement (the 'Assignment') whereby LBB assigned to LBHI all of its rights
20   and remedies in and to its agreements with Evergreen relating to the Stiffler Loan, including all
     rights in and to any and all representations, warranties, and covenants Evergreen made to LBB in
21   its agreements and the Seller's Guide and rights to repurchase and indemnify remedies, among
     other things."  (Baker Decl. ¶ 6.)  In making the foregoing statement, Mr. Baker cites only the
22   February 24, 2011 assignment agreement.  (*Id.* (citing Ex. H-1).)  He makes no reference to any
     earlier assignment agreement between LBB and LBHI.

1    Because Evergreen has met its initial burden, the burden then shifts to LBHI to set

2   forth specific facts showing the existence of genuine issues of material fact with regard to

3   Evergreen's statute of limitations affirmative defense. *Chachas,* 615 F. Supp. 2d at 1203.

4   In order to save its claim from Evergreen's statute of limitations defense, LBHI must

5   raise a factual issue concerning an assignment of LBB's rights and remedies that

6   occurred prior to the filing of LBHI's September 15, 2008 bankruptcy petition.  If such

7   an assignment exists, then it is incumbent upon LBHI to produce evidence of the

8   previous assignment to withstand summary judgment.  Other than vague statements

9   concerning the possible existence of an earlier assignment contained within the recitals of

10  the February 24, 2011 assignment, LBHI has offered no such evidence.  Indeed, a careful

11  reading of the recital language does not indicate that an earlier assignment was actually

12  executed.  The recital language merely states that the parties "previously agreed to have

13  [LBB] assign" its rights.  It does not state that any such assignment was ever actually

14  executed.

15    "A non-movant's bald assertions or a mere scintilla of evidence are both

16  insufficient to withstand summary judgment."  *FTC v. Stephanchik,* 559 F.3d 924, 929

17  (9th Cir. 2009) (citing *Galen v. Cnty. of Los Angeles,* 477 F.3d 652, 658 (9th Cir. 2007)).

18  At most, LBHI has offered a mere scintilla of evidence concerning an alleged assignment

19  that occurred prior to the February 24, 2011 assignment.  Further, there is not even a

20  scintilla of evidence concerning the date of any purported earlier assignment, or more

21  specifically that the date was prior to LBHI's bankruptcy petition.  LBHI has failed to

22  produce this evidence even though such evidence logically would be both within LBHI's

1  control and critical to LBHI's ability to withstand summary judgment regarding the

2  limitations period.  Absent any evidence concerning the actual execution of a prior

3  assignment or the date of any such execution, the court finds that the scintilla of evidence

4  offered by LBHI in the recitals of the February 24, 2011 assignment is insufficient to

5  withstand summary judgment. [5]

6         Finally, LBHI asserts that the court should not enter summary judgment with

7  regard to the statute of limitations because Evergreen failed to raise it as an affirmative

8  defense in its answer to the complaint.  Although in a diversity action, the federal court

9  must apply the applicable state statute of limitations, the Federal Rules of Civil Procedure

10 determine the manner and time in which the defense may be raised and when waiver

11 occurs.  *Han v. Mobil Oil Corp.,* 73 F.3d 872, 877 (9th Cir. 1995); *Perry v. O'Donnell,*

12 749 F.2d 1346, 1353 (9th Cir. 1985).  Under federal law, absent a showing of prejudice

13 by the plaintiff, a defendant may raise an affirmative defense for the first time in a motion

14 for summary judgment, including the defense of the statute of limitations.  *Han*, 73 F.3d

15 at 877 (stating that "we have ruled that an affirmative defense based on the lapse of a

16 _____

17      [5] During oral argument, counsel for LBHI asserted that there was an earlier 2008 written
    assignment between LBB and LBHI that named numerous entities and included various LPAs.
18  Counsel for LBHI admitted, however, that the LPA involving Evergreen was not included in the
    earlier 2008 written assignment.  In any event, there is no evidence of this earlier written
19  assignment before the court.  Counsel for LBHI also indicated during oral argument that there
    may have been an earlier oral assignment between LBHI and LBB concerning the Evergreen
20  LPA.  Again, LBHI has not submitted any such evidence to the court even though, as a party to
    the alleged oral assignment, this evidence logically would be within LBHI's control.  Further,
21  under New York law, an oral agreement to assign a right to purchase a mortgage loan is
    governed by the Statute of Frauds, and therefore ordinarily unenforceable.  *See Ognenovski v.*
22  *Wegman,* 713 N.Y.S.2d 594, 595-96 (App. Div. 2000).

1    statutory limitation period may be raised for the first time on a motion for summary

2    judgment when there is no prejudice to the plaintiff."); *Rivera v. Anaya*, 726 F.2d 564,

3    566 (9th Cir. 1984).

4            LBHI has asserted that it is prejudiced because "it has not been afforded any

5    opportunity to respond until now or conduct any discovery related to this defense."

6    (LBHI Resp. at 20.)  First, the fact that LBHI's initial opportunity to respond to

7    Evergreen's statute of limitations defense occurred during the course of summary

8    judgment briefing does not demonstrate prejudice.  The parties have had had ample

9    opportunity to address the issue in their summary judgment briefs and accompanying

10   filings.  Under these circumstances, LBHI has not been prejudiced in its ability to

11   respond.  *See Sedivy v. City of Boise,* No. 1:05CV00083, 2006 WL 1793607, at *3 (D.

12   Idaho June 28, 2006) (finding that although statute of limitations was not raised until

13   motion for summary judgment, plaintiff had ample opportunity to respond in her

14   opposition brief); *see also Cedars-Sinai Med. Ctr. v. Shalala,* 177 F.3d 1126, 1128-29

15   (9th Cir. 1999) (finding no prejudice to plaintiff where affirmative defense of the statute

16   of limitations was not raised until defendant's reply brief because plaintiff was able to file

17   a sur-reply).  Second, LBHI does not indicate what discovery it would need to undertake

18   from Evergreen in order to avoid any alleged prejudice with regard to Evergreen's statute

19   of limitations defense.  Information concerning an earlier assignment by LBB to LBHI

20   concerning rights under the LPA or the Seller's Guide would logically be within LBHI's,

21   and not Evergreen's, control.  Although LBHI had the opportunity to present any such

22

1  evidence that may exist in response to Evergreen's motion for summary judgment, LBHI

2  chose not to do so.

3        Counsel for LBHI also asserted during oral argument that LBHI was unable to

4  obtain the information it needed from LBB to respond to the statute of limitations issue

5  because by the time Evergreen raised the issue the discovery cutoff had already occurred,

6  and therefore LBHI could not issue any formal discovery requests to LBB.  The court is

7  not persuaded with regard to LBHI's inability to obtain the information from LBB.  First,

8  because LBHI is a party to the alleged earlier assignment, any evidence concerning this

9  assignment would logically be within LBHI's, as well as LBB's, control.  Further, LBB is

10  a wholly owned subsidiary of LBHI and so the court does not understand why LBHI

11  would need to issue formal discovery requests in order to obtain information from LBB.

12  Indeed, the Ninth Circuit has stated that "[a] corporation must produce documents

13  possessed by a subsidiary that the parent company owns or wholly controls."  *United*

14  *States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO,* 870 F.2d 1450, 1452

15  (9th Cir. 1989); *see also In re ATM Fee Antitrust Litigation,* 233 F.R.D. 542, 544-45

16  (N.D. Cal. 2005).  Thus, the inability to issue formal discovery to LBB is no excuse for

17  LBHI's failure to produce evidence in contravention to Evergreen's statute of limitations

18  defense or to raise a material issue of fact warranting the denial of summary judgment in

19  favor of Evergreen.

20

21

22

1        Finally, the court notes that LBHI failed to move pursuant to Federal Rule of Civil

2 Procedure 56(d) (formerly denominated as Rule 56(f))[6] for a continuance to conduct

3 additional discovery on the statute of limitations issue, and failed to demonstrate its need

4 for such a continuance "by affidavit or declaration."  *See* Fed. R. Civ. P. 56(d).

5 "'References in memoranda and declarations to a need for discovery do not qualify as

6 motions under Rule 56(f) [now 56(d)],'" and "'[f]ailure to comply with the requirements

7 of Rule 56(f) [now 56(d)] is a proper ground for denying discovery and proceeding to

8 summary judgment."  *California v. Campbell,* 138 F.3d 772, 779 (9th Cir. 1998) (quoting

9 *Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir. 1986)).[7]

10 Accordingly, the court finds that the entry of summary judgment in favor of Evergreen

11 based on an expiration of the statute of limitations for contracts is appropriate.

12                  **IV.   CONCLUSION**

13        Based on the foregoing, the court GRANTS Evergreen's motion for summary

14 judgment with regard to the statute of limitations affirmative defense.  (Dkt. # 27.)

15 Because the court grants Evergreen's motion on this ground, the court finds it

16

17 ─────────────

18     [6] The advisory committee's notes to Fed. R. Civ. P. 56 with regard to the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56 advisory committee's notes.

19

20     [7] The court also notes that LBHI did not even execute the February 24, 2011 assignment until after the November 17, 2010 deadline for amending pleadings and the January 18, 2011 discovery cutoff had already passed.  In light of this timing, LBHI is in a poor position to

21 complain that Evergreen did not timely amend its answer to plead the statute of limitations affirmative defense in order to allow discovery on the assignment issue.  If there were any prejudice to LBHI in the timing of Evergreen's assertion of the statute of limitations defense,

22 which the court finds there is not, the prejudice would be at least in part of LBHI's own creation.

1   unnecessary to reach the various other grounds for summary judgment asserted in

2   Evergreen's motion.  In addition, the court DENIES LBHI's motion for summary

3   judgment (Dkt. # 28) as MOOT.

4          Dated this 6th day of June, 2011.

5

6

7   _____

8   JAMES L. ROBART
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 19